501 P.2d 429

**STATE of Arizona, Appellee,**

v.

**Danny Edward MILLS, Appellant.**

**No. I CA–CR 439.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 28, 1972.

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Phoenix, and Steven Jaynes, Law Student,* for appellee.

Ross P. Lee, Public Defender by William C. Blakley, Deputy Public Defender, Phoenix, for appellant.

JACOBSON, Judge.

The sole question raised on this appeal from a conviction and sentence for possession of marijuana is whether the trial court's instruction on flight constituted a comment on the evidence.

On June 1, 1971, several officers from the Mesa Police Department went to 121 N. Robson in Mesa, Arizona, to execute a search warrant at that address. Upon arriving at the premises, two of the officers were admitted by the defendant, Danny Mills, to whom they identified themselves as police officers, gave a copy of the search warrant and advised the defendant of his constitutional rights. The police officers noticed that the defendant at that time was carrying a small yellow plastic container. After advising defendant of

these rights, the defendant walked toward the back door of the house. He was followed by one of the officers and the defendant then started wandering toward the front door. As soon as the defendant reached the front door, he bolted out the front door and was immediately pursued by one of the officers. The chase went down one sidewalk, through a vacant lot, down a second sidewalk and into a driveway where the defendant encountered a fence. Being unable to open the gate through the fence, the defendant turned, made a throwing motion and "squared off" at the approaching officers. After a scuffle, defendant was handcuffed. A subsequent search of the area located the yellow container and nearby a usable quantity of marijuana.

The defendant took the stand in his own behalf and testified he had no knowledge of the marijuana found in the container, that he did not live at the Robson address and that he was scared because the officers had a search warrant for stolen property and he knew nothing about any stolen property. The trial court gave the following instruction to the jury:

> "Flight of the accused *after a crime has been committed* does not create a presumption of guilt. It is, however, a circumstance which may tend to prove consciousness of guilt and should be considered and weighed by you in connection with all the other evidence." (Emphasis added.)

At the time of the trial, the defendant objected to the giving of this instruction. On appeal, he raises the contention that the underlined portion of the instruction constituted a comment by the trial court on the evidence, arguing that the court in essence was advising the jury that a crime had in fact been committed at the time the defendant bolted the premises, while, the argument continues, there was no evidence that a crime had been committed at the time he ran.

---

* Mr. Steven Jaynes, a law student at Arizona State University, assisted in the preparation of the State's brief on appeal pursuant to the authority of Rule 28(e), Rules of the Supreme Court, 17 A.R.S.

In our opinion, the defendant has misconstrued both the legal effect of the instruction and the evidence justifying its submission.

The instruction given by the court appears to be a paraphrasing of a holding in State v. Owen, 94 Ariz. 404, 385 P.2d 700 (1963), rev'd on other grounds, 378 U.S. 574, 84 S.Ct. 1932, 12 L.Ed.2d 1041 (1964), which stated:

"The reason for the rule of admissibility of evidence concerning flight or attempted flight is not that such flight in and of itself is evidence of guilt, but that it is a fact which may be considered by the triers of fact as raising an inference . . . that the accused is guilty. In other words, it is evidence of conduct which may indicate a consciousness of guilt on the part of the accused. Certainly a mere *leaving of the scene of a crime* is not a fact sufficient to constitute flight under all circumstances."[1] 94 Ariz. at 411, 385 P.2d at 704. (Emphasis added.)

■ In our opinion, the questioned instruction does not advise the jury as a fact that a crime has been committed. It merely advises the jury, in accordance with settled law, that flight, after a crime has been committed, may be considered by them. The question of whether a crime had in fact been committed, that is possession of marijuana, was adequately and completely covered in other instructions of the court. We therefore hold that the instruction as given was not an impermissible comment on the evidence.

■ However, to justify the giving of such an instruction there must be evidence

of two elements: (1) the commission of a crime prior to flight, and (2) flight. As to the second element, the defendant does not seriously argue that flight by defendant did not occur. He does question, however, the evidence of a commission of a crime prior to that flight.

■ The crime charged in this case was possession of marijuana. The State's evidence showed that the defendant was in possession of a yellow plastic container at the time he was observed at the Robson address; that he left the premises carrying that container; that he attempted to conceal that container by throwing it away; that subsequently a yellow plastic container was found which contained marijuana; and, that this container was the same container as was in possession of the defendant prior to his flight. From this chain of evidence, the jury could have reasonably concluded that the container which was found was the same container which was in the possession of the defendant while inside the residence at the Robson address and that while it was in the possession of the defendant at that location it contained marijuana. The evidence of the crime of the possession of marijuana by the defendant prior to his flight was before the jury. It is unnecessary to show also that the police *knew* of the commission of that crime prior to the flight occurring.

We hold that under the circumstances of this case, the trial court properly gave the questioned instruction.

Judgment affirmed.

HAIRE, C. J., Division 1, and EUBANK, J., concur.

1. In State v. Owen, *supra*, the court passed upon an instruction strikingly similar to the one given in this case, however, the court did not reach the issue now being made—that such instruction is a comment on the evidence.